IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**UNITED STATES OF AMERICA**                                              **PLAINTIFF**

v.                      **CASE NO. 4:19-CR-00655-BSM**

**ALONZO BEARD**                                                        **DEFENDANT**

**<u>ORDER</u>**

Alonzo Beard's pro se motion to vacate, set aside, or correct his sentence pursuant to 28 United States Code section 2255 [Doc. No. 128] is denied.

Beard was found guilty by a jury of (1) being a felon in possession of a firearm; (2) possession with intent to distribute marijuana; and (3) possession of a firearm in furtherance of a drug trafficking crime. Doc. No. 80. He was sentenced to 36 months imprisonment on counts 1 and 2 to run concurrently, and 60 months of imprisonment on count 3 to run consecutively to counts 1 and 2. Doc. No. 90. Beard filed his first section 2255 motion soon after his sentencing. Doc. No. 92. That motion was denied. Doc. No. 97. Beard's judgment was affirmed on direct appeal. Doc. No. 116.

Beard now moves under section 2255 for the second time. He claims that (1) his due process rights were violated by the government's agents and the prosecutor's misconduct, *see* Doc. No. 128 at 23–162 (ECF pagination); and (2) his appellate lawyer was ineffective, *see id.* at 163–205. These claims fail procedurally and on the merits.

First, Beard's claims fail procedurally because Beard's motion is a second or successive section 2255 petition that has not been given appellate authorization. *See* 28

U.S.C. § 2255(h); *see also Boykin v. United States*, 242 F.3d 373 (8th Cir. 2000) (per curiam). Moreover, Beard's motion does not relate to newly discovered evidence or a retroactively applicable new rule of constitutional law. *See* 28 U.S.C. § 2255(h).

      Second, Beard's due process claim fails on the merits. Prosecutorial misconduct claims require a defendant to show that the government's conduct was improper and affected his substantial rights. *See United States v. Clayton*, 787 F.3d 929, 933 (8th Cir. 2015). Beard does not meet this burden for several reasons. First, the claim is procedurally defaulted because it was not raised on direct appeal. *See Jennings v. United States*, 696 F.3d 759, 762 (8th Cir. 2012). Second, the record does not support the claim. Specifically, Beard's allegation that the government knowingly used perjured testimony at his trial has no basis. *See United States v. Flores-Lagonas*, 993 F.3d 550, 562 (8th Cir. 2021) (to establish due process violation based on prosecutorial use of false testimony, defendant must show that the prosecution used perjured testimony, the prosecution knew or should have known of the perjury, and there was a reasonable likelihood that the perjured testimony could have affected the jury's verdict). "Merely inconsistent statements do not establish use of false testimony." *United States v. West*, 612 F.3d 993, 996 (8th Cir. 2010) (citing *United States v. Martin*, 59 F.3d 767, 770 (8th Cir. 1995)). Moreover, "[t]he jury is responsible for assessing the credibility of witnesses and resolving conflicts in testimony, and its conclusions on these issues are 'virtually unreviewable on appeal.'" *United States v. Thompson*, 560 F.3d 745, 748–49 (8th Cir. 2009) (quoting *United States v. Morris*, 327 F.3d 760, 761 (8th Cir.), *cert. denied*, 540 U.S. 908 (2003)). Furthermore, the Eighth Circuit has already affirmed that

2

Beard's destruction of evidence due process claim fails because there is "no evidence that the officers who responded to the scene or anyone in the police department acted in bad faith." *United States v. Beard*, No. 22-2462, 2023 WL 3090866, at *1 (8th Cir. Apr. 26, 2023) (per curiam).

Third, Beard's ineffective assistance of counsel claim fails on the merits. To prove this claim, Beard must show that he was prejudiced by the deficient performance of his legal counsel. *See Buck v. Davis*, 580 U.S. 100, 118 (2017) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). Beard's motion must be denied because he has failed to show that his appellate lawyer committed errors so serious that he was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. at 687. Specifically, as demonstrated above, the arguments that Beard wanted his appellate lawyer to make lack basis. Thus, it was well within his appellate lawyer's discretion to choose not to make these arguments.

There is no need to conduct an evidentiary hearing because the record conclusively shows that Beard is not entitled to relief. *Roundtree v. United States*, 751 F.3d 923, 925 (8th Cir. 2014) (citation omitted). Further, no certificate of appealability is issued because Beard has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED this 4th day of March, 2024.

UNITED STATES DISTRICT JUDGE